

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-87,020-02

### EX PARTE ELISHA LINVILLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 39,010-B IN THE 66TH DISTRICT COURT
### FROM HILL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault of a family member and sentenced to fifty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Linville v. State*, No. 06-16-00055-CR (Tex. App. — Texarkana, Aug. 18, 2016) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because trial counsel failed to interview and call witnesses to support Applicant's theory of the defense, introduced or stipulated to a paramedics' report that contained testimonial hearsay in violation of Applicant's right to confrontation, and failed to object when the State introduced the garden rake that was allegedly used as a deadly weapon despite a deficient chain of custody and the fact that the condition of the rake had been materially altered since the time of the offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether Applicant advised him of the existence of potential witnesses Caroline Johnson, Glen Adair and Bennie Baptisto prior to trial, and if so, whether trial counsel attempted to interview or call such witnesses to testify at trial. Trial counsel shall state whether the report of the Careflite paramedics was introduced by the State or the defense, and shall state whether that report contained testimonial hearsay from witnesses who were not available for cross-examination. Trial counsel shall state whether he was aware prior to trial that the State planned to introduce the garden rake that was alleged to have been used by Applicant as a deadly weapon. Trial counsel shall state whether he objected to the admission of the rake on the basis of its changed condition or on the basis that the State did not prove a sufficient chain of custody, and if not, why not. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: June 12, 2019
Do not publish